**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-04761-NYW-STV

KAMRAN JINNAH; *et al.*,

Plaintiffs,

v.

ONEFLIGHT INTERNATIONAL, INC.; *et al.*,

Defendants.

---

**ORDER**

---

Chief Magistrate Judge Scott T. Varholak

This matter is before the Court on Plaintiffs' Motion for Alternative Service on Ferren Rajput (the "Motion"). [#19] Through the Motion, Plaintiffs request that the Court permit substituted service on Defendants pursuant to Federal Rule of Civil Procedure 4(e) and Colorado Rule of Civil Procedure 4(f). [*Id.*] This Court has carefully considered the Motion and the related exhibits, the case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the reasons set forth herein, the Motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiffs initiated this action on September 25, 2026. [#1] In their Amended Complaint, Plaintiffs allege that Defendants "operated what amounted to a Ponzi scheme" in which Defendants received prepaid funds for private jet-club memberships and used such customer deposits to pay for services owed to earlier members. [#11 at

¶¶ 1-2] Plaintiffs allege that Defendants now lack sufficient liquidity to return an estimated $150 million in customer deposits. [*Id.* at ¶ 2] Plaintiffs assert claims for unjust enrichment, fraud, Colorado Consumer Protection Act violations, conversion, civil theft, and breach of contract against the Defendants. [*Id.* at ¶¶ 89-123]

Plaintiffs have made multiple attempts to serve Defendant Ferren Rajput since the filing of this suit. [#19 at ¶ 4] According to Plaintiffs, Defendant Rajput's last known address is 6745 South Robertsdale Way, Aurora, Colorado.[1] [*Id.* at ¶ 3] Plaintiffs engaged a process server to attempt service at this location four times. [*Id.* at ¶ 4; *see also* #19-2 at 2-3] During two of these attempts, the process server noted that "movement and voices were heard inside [of the residence], but no one answered the door." [#19 at ¶ 4; *see also* #19-2 at 2-3] Unidentified databases also associate Defendant Rajput's wife and son with this address. [#19 at ¶ 5]

On October 6, 2026, Plaintiffs' counsel conferred with Mr. Michael C. Song, who has been identified in certain sources as Defendant Rajput's personal lawyer. [*Id.* at ¶ 8] During a phone call, Mr. Song stated that he had not yet been retained by Defendant Rajput for the instant litigation but confirmed that he represented Mr. Rajput in other matters. [*Id.*] Mr. Song stated that he would accept service on behalf of Defendant Rajput should be retained for this case. [*Id.*]

On October 15, 2026, Defendant Rajput was identified as the registered agent for Defendant BALCC Holdings, LLC; 6745 South Robertsdale Way, Aurora, Colorado, was

---

[1] Plaintiffs also state that public databases identify Defendant Rajput and his wife as owners of this residence, and Plaintiffs are not aware of any listings of this property for sale. [#19 at ¶ 18]

listed as the address where Defendant Rajput could be served.[2] [*Id.* at ¶ 6; *see also* #19-3 at 2] Defendant Rajput is CEO of ONEflight International, Inc. ("OFI"), which is also a Defendant to this action. [#19 at ¶ 7] Plaintiffs' process servers also attempted to effect personal service upon OFI at its principal place of business, 8208 S. Interport Blvd, Suite 200, Englewood, Colorado 80112. [*Id.*; *see also* #19-1 at 4] These attempts were also unsuccessful. [#19 at ¶ 7] Based on these facts, Plaintiffs believe that Defendant Rajput is intentionally evading service. [*See id.* at ¶ 16] Thus, on October 23, 2026, Plaintiffs filed the instant Motion seeking alternative service. [#19]

## II. DISCUSSION

Federal Rule of Civil Procedure 4 governs service of a summons and complaint. Pursuant to Rule 4(e)(1), an individual within a judicial district of the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado Rule of Civil Procedure 4(f) authorizes substitute service. When the party attempting service "is unable to accomplish service . . . the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service." Such a motion shall state:

> (1) The efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.

Colo. R. Civ. P. 4(f). If the court is satisfied that due diligence has been used to attempt personal service, that further attempts to obtain personal service would be to no avail,

[2] This occurred after Plaintiffs had made multiple attempts at service at this same

and that the person to whom delivery of the process is directed is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: "(1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery." Colo. R. Civ. P. 4(f). For substitute service to be valid, it must comport with due process by being calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Here, the Court is satisfied that due diligence has been used to attempt personal service and that further attempts to obtain timely personal service would be to no avail. As outlined above, Plaintiffs have attempted service on Defendant Rajput on four occasions, at least two of which it appeared that individuals were present in the residence but refused to make contact with the process server. [#19-2 at 2-3] Given that Defendant Rajput was shortly thereafter identified as registered agent for Defendant BALCC Holdings, LLC, at the same address at which service was previously attempted, it appears that Defendant Rajput indeed resides at this address. [#19-3 at 2] Furthermore, service was attempted on OFI, where Defendant Rajput remains CEO, and Plaintiffs' process servers were also unable to effect personal service at OFI's principal place of business. [#19 at ¶ 7]

Plaintiffs ask that the Court permit service upon Defendant Rajput by any combination of: (1) email at any or all of five email addresses known to be associated

---

location. [#19 at ¶ 6]

with Defendant Rajput; (2) certified mail, return receipt requested, at Defendant Rajput's last known address; and (3) service upon Mr. Song. [*Id.* at ¶¶ 17-20] However, the Court cannot find, based on the information before it, that any of these methods are reasonably calculated to give actual notice of the suit to Defendant Rajput.

In general, "the use of email to serve a person or entity located in Colorado . . . is not a sufficient means of providing notice." *Brand Q, Inc. v. All About Uniforms, Inc.*, No. 22-cv-01423-WJM-MDB, 2022 WL 4120618, at *2 (D. Colo. Sept. 9, 2022); *see also Standard Hemp, LLC v. Silen*, No. 19-cv-01162-KMT, 2019 WL 13201198, at *3 (D. Colo. June 10, 2019) ("[N]either the Federal Rules of Civil Procedure, [nor the] Colorado Rules of Civil Procedure . . . allow for service of defendants within the United States by email." (citing *Bluemedia Inc. v. Sordid Ones BV*, 10-CV-01158-MSK-KLM, 2011 WL 42296, at *3 (D. Colo. Jan. 6, 2011))). Furthermore, courts in this District have found that substituted service via certified mail and email does not comply with Colorado Rule of Civil Procedure 4(f) because, where a case does not involve specific property or status or other proceedings in rem, "substituted service must be effected by hand delivery to the substituted person." *Greene v. JJLV LLC*, No. 21-cv-01182-RMR-KMT, 2021 WL 5280190, at *3 (D. Colo. Nov. 12, 2021); *see also* Colo. R. Civ. P. 4(f) (prohibiting service by mail or publication unless the action affects specific property or status or other proceedings in rem).

The issue of hand delivery could be resolved by service on a substituted person, such as Mr. Song. And indeed in some cases courts have permitted alternative service on a defendant's attorney. *See, e.g.*, *Two Rivers Water & Farming Co. v. Am. 2030 Capital Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25,

2019). However, this type of service is generally permitted when "the attorney is either currently representing, or has recently represented, the defendant in matters related to the litigation at hand." *Greene*, 2021 WL 5280190, at *4 (collecting cases). "The critical inquiry is whether 'a clear, recent connection' exists 'between the defendant and the person to be served via substitution.'" *Id.* (quoting *Penn-Star Ins. Co. v. Bus. Futures*, Inc., No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *5 (D. Colo. Sept. 14, 2021)). Plaintiffs have shown no such connection here.

Plaintiffs' only remarks on this matter are that Mr. Song has been identified "in multiple sources" to be Defendant Rajput's personal lawyer and that Mr. Song indicated he had represented Defendant Rajput "in other matters." [#19 at ¶ 8] The Court does not find this sufficient to ensure that service upon Mr. Song would be reasonably calculated to give actual notice of the suit to Defendant Rajput. It is unclear when or in what matters Mr. Song has represented Defendant Rajput in the past. Thus, the Motion does not adequately show a "clear, recent connection" between Mr. Song and Defendant Rajput for purposes of alternative service. Moreover, in other suits involving Defendant Rajput of which this Court is aware, Defendant Rajput was not represented by Mr. Song. *See, e.g.*, *Rajput v. Comm'r of Internal Revenue*, No. 24217-08, 2008 WL 5100803 (U.S.T.C. Sept. 30, 2008) (in which Defendant Rajput was represented by Ted H. Merriam of Merriam Law Firm); Case No. 1:18-cv-02731-STV (same). Accordingly, though the Court finds that due diligence has been satisfied, the Court finds that the proposed method of service does not comply with the Rules and is not reasonably calculated to give Defendant Rajput notice of the suit. For that reason, the Court DENIES the Motion WITHOUT PREJUDICE.

## III. CONCLUSION

For the reasons stated above, the Motion [#19] is **DENIED WITHOUT PREJUDICE**.

DATED: November 19, 2026

BY THE COURT:

s/Scott T. Varholak
Chief United States Magistrate Judge